UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
                              :
UNITED STATES OF AMERICA      :
                              :
          - v -               :
                              :
                              :
CHARMAINE DABAO,              :
   a/k/a "Grace Quezon",      :
                              :
          Defendant.          :
                              :
-----------------------------X

**SUPERSEDING INFORMATION**
S2 07 Cr. 1143 (DC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 9 2008

## COUNT ONE

### (Conspiracy)

The United States Attorney charges:

#### Overview of the Smuggling Scheme

1.    At all times relevant to this Information ("Information"), the Port of Newark-Elizabeth Marine Terminal (the "Port" or "Port Newark") served as the principal container ship facility for the New York City metropolitan area for goods entering and leaving the United States by sea.

2.    At all times relevant to this Information, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and her co-conspirators participated in a global criminal enterprise which smuggled and attempted to smuggle into the United States more than one hundred 40-foot-long shipping containers containing at least $200 million in counterfeit merchandise from China through United States ports, including through Port Newark.

3.    As part of the scheme, CHARMAINE DABAO, a/k/a

"Grace Quezon," the defendant, and her co-conspirators smuggled Chinese-made counterfeit goods into the United States through the Port by using shipping containers with false bills of lading. A bill of lading is a document issued by a shipping carrier which, among other things, reflects that specified goods have been received by the shipper as cargo for conveyance to a named location for delivery to a consignee, usually identified in the document. After the containers cleared United States Bureau of Customs and Border Protection ("CBP") inspection protocols at Port Newark, the smugglers typically transported the containers to warehouses throughout the New York City metropolitan area for short-term storage pending distribution to retail-level customers.

4.     During the course of the smuggling scheme, from at least in or about August 2006 through in or about December 2007, members of the smuggling operation maintained nearly-daily contact with a Special Agent of the United States Bureau of Immigration and Customs Enforcement ("ICE"), acting in an undercover capacity (the "UC"), who posed as a corrupt officer of the longshoremen's union who could facilitate the movement of counterfeit merchandise through Port Newark without detection and seizure by CBP. CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and her co-conspirators paid the UC an aggregate of more than $500,000 in cash in return for purportedly helping to

2

clear through CBP more than one hundred containers loaded with counterfeit goods for distribution in the American retail markets.  The retail value of genuine versions of this counterfeit merchandise exceeds approximately $200 million.

<u>Relevant Persons and Entities</u>

5.    Beginning in or about August 2006, Michael Chu, a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu Ching Chu," a/k/a "Michael Shuching Chu," a co-conspirator not charged as a defendant herein, solicited the UC's help in moving containers of counterfeit merchandise through the Port.  Since their initial meeting, Chu met frequently with the UC to provide the UC information about incoming containers of counterfeit goods and paid the UC over one hundred thousand dollars in cash for the UC's purported efforts in facilitating the smuggling of the counterfeit goods through the Port.

6.    At certain times relevant to this Information, Dick Ong, a co-conspirator not charged as a defendant herein, was an associate of Chu, who assisted Chu in smuggling containers of counterfeit goods through the Port.

7.    At certain times relevant to this Information, Hsi Feng Li, a/k/a "The General," a/k/a "Xue Feng Li," a co-conspirator not charged as a defendant herein, utilized Chu and the UC to smuggle into the United States at least one container of counterfeit goods.

3

8.     Robin Huff, a co-conspirator not charged as a defendant herein, participated in the criminal scheme since at least in or around November 2006.  Huff, a licensed customs broker, had access to a CBP database that allowed licensed customs brokers to ascertain the status of containers that were en route or had arrived at the Port.  At certain times relevant to this Information, Huff exploited his access to this CBP database to facilitate the movement of counterfeit goods through the Port on behalf of the criminal organization.

9.     CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, initially worked for Michael Chu in the smuggling scheme.  Subsequently, DABAO directly solicited the UC's assistance in smuggling goods through the Port and, together with her associates, paid hundreds of thousands of dollars to the UC for his purported assistance in the smuggling of counterfeit merchandise from China through the Port.

10.     At certain times relevant to this Information, Wing Ki Lee and Troy King, co-conspirators not charged as defendants herein, and a co-conspirator referred to herein as "CC-1", were associates of CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and assisted DABAO in smuggling containers of counterfeit goods through the Port.

11.     Beginning in or around August 2007, Yee Khiong Ting, a/k/a "Mr. Ding," a/k/a "Paul Ding," a co-conspirator not

4

charged as a defendant herein, solicited the UC's assistance in smuggling shipments of counterfeit merchandise on behalf of a co-conspirator referred to herein as "CC-2". CC-2 had factories in China that manufactured some of the counterfeit merchandise that the organization sought to smuggle into the United States. Ting provided cash payments to the UC in return for his purported assistance in successfully clearing containers through CBP protocols.

12.    At all times relevant to this Information, KT Express was a Brooklyn-based trucking company owned and managed by Chi On Wong, a/k/a "Tommy Wong," and Man Wai Cheng, a/k/a "Man Wei Chen," a/k/a "Tina Wong," co-conspirators not charged as defendants herein. At certain times relevant to this Information, to transport containers that they believed the UC had corruptly arranged for entry into the United States, members of the organization, including CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and Yee Khiong Ting, a/k/a "Mr. Ding," a/k/a "Paul Ding," Troy King, Wing Ki Lee, a/k/a "Joe," co-conspirators not charged as defendants herein, and CC-2 employed KT Express as part of their smuggling operation. Under their arrangement with Wong and Cheng, members of the organization paid KT Express a premium to transport containers of counterfeit goods.

13.    At certain times relevant to this Information,

5

Shaofeng Shi, a/k/a "Simon CP," a co-conspirator not charged as a defendant herein, controlled a warehouse in Linden, New Jersey, where containers of counterfeit goods smuggled by the smuggling organization were delivered for short-term storage pending distribution to retail-level customers.

<u>Statutory Allegation</u>

14.   From in or about June 2006 through in or about November 2007, in the Southern District of New York and elsewhere, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and Michael Chu, a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu Ching Chu," a/k/a "Michael Shuching Chu," Troy King, Robin Huff, Hsi Feng Li, a/k/a "The General," a/k/a "Xue Feng Li," Chi On Wong, a/k/a "Tommy Wong," Man Wai Cheng, a/k/a "Man Wei Chen," a/k/a "Tina Wong," Wing Ki Lee, a/k/a "Joe," Dick Ong, Yee Khiong Ting, a/k/a "Mr. Ding," a/k/a "Paul Ding," and Shaofeng Shi, a/k/a "Simon CP," co-conspirators not charged as defendants herein, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 545 and Title 18, United States Code, Section 2320.

15.   It was a part and an object of the conspiracy that CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and Michael Chu, a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu

6

Ching Chu," a/k/a "Michael Shuching Chu," Troy King, Robin Huff,
Hsi Feng Li, a/k/a "The General," a/k/a "Xue Feng Li," Chi On
Wong, a/k/a "Tommy Wong," Man Wai Cheng, a/k/a "Man Wei Chen,"
a/k/a "Tina Wong," Wing Ki Lee, a/k/a "Joe," Dick Ong, Yee Khiong
Ting, a/k/a "Mr. Ding," a/k/a "Paul Ding," and Shaofeng Shi,
a/k/a "Simon CP," co-conspirators not charged as defendants
herein, and others known and unknown, knowingly, willfully, and
unlawfully, with intent to defraud the United States, would and
did smuggle and clandestinely introduce and attempt to smuggle
and clandestinely introduce into the United States merchandise
which should have been invoiced, and would and did make out and
pass, and attempt to pass, through the customhouse a false,
forged, and fraudulent invoice, and other document and paper; and
fraudulently and knowingly would and did import and bring into
the United States merchandise contrary to law, and would and did
receive, conceal, buy, sell and facilitate the transportation,
concealment, and sale of such merchandise after importation,
knowing the same to have been imported and brought into the
United States contrary to law, in violation of Title 18, United
States Code, Section 545.

     16.  It was further a part and an object of the
conspiracy that CHARMAINE DABAO, a/k/a "Grace Quezon," the
defendant, and Michael Chu, a/k/a "Michael Choi," a/k/a
"Schuching M. Chu," a/k/a "Shu Ching Chu," a/k/a "Michael

Shuching Chu," Troy King, Robin Huff, Hsi Feng Li, a/k/a "The
General," a/k/a "Xue Feng Li," Chi On Wong, a/k/a "Tommy Wong,"
Man Wai Cheng, a/k/a "Man Wei Chen," a/k/a "Tina Wong," Wing Ki
Lee, a/k/a "Joe," Dick Ong, Yee Khiong Ting, a/k/a "Mr. Ding,"
a/k/a "Paul Ding," and Shaofeng Shi, a/k/a "Simon CP," co-
conspirators not charged as defendants herein, and others known
and unknown, would and did intentionally traffic and attempt to
traffic in goods and services and knowingly use a counterfeit
mark on and in connection with such goods and services, and
intentionally traffic and attempt to traffic in labels, patches,
stickers, wrappers, badges, emblems, medallions, charms, boxes,
containers, cans, cases, hangtags, documentation, and packaging,
knowing that a counterfeit mark had been applied thereto, the use
of which was likely to cause confusion, to cause mistake, and to
deceive, in violation of Title 18, United States Code, Section
2320.

<u>Overt Acts</u>

17.    In furtherance of said conspiracy, and to effect
the illegal objects thereof, CHARMAINE DABAO, a/k/a "Grace
Quezon," the defendant, and Michael Chu, a/k/a "Michael Choi,"
a/k/a "Schuching M. Chu," a/k/a "Shu Ching Chu," a/k/a "Michael
Shuching Chu," Troy King, Robin Huff, Hsi Feng Li, a/k/a "The
General," a/k/a "Xue Feng Li," Chi On Wong, a/k/a "Tommy Wong,"
Man Wai Cheng, a/k/a "Man Wei Chen," a/k/a "Tina Wong," Wing Ki

Lee, a/k/a "Joe," Dick Ong, Yee Khiong Ting, a/k/a "Mr. Ding,"
a/k/a "Paul Ding," and Shaofeng Shi, a/k/a "Simon CP," co-
conspirators not charged as defendants herein, and others known
and unknown, committed the following overt acts, among others, in
the Southern District of New York and elsewhere:

   a. On or about October 11, 2006, Shaofeng Shi,
a/k/a "Simon CP," a co-conspirator not charged as a defendant
herein, received the contents of a container of counterfeit Nike
sneakers at his warehouse in Linden, New Jersey.

   b. On or about November 15, 2006, Michael Chu,
a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu Ching
Chu," a/k/a "Michael Shuching Chu," and Robin Huff, co-
conspirators not charged as defendants herein, met with the UC in
New York, New York, and discussed counterfeit smuggling
activities.

   c. On or about February 1, 2007, Michael Chu,
a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu Ching
Chu," a/k/a "Michael Shuching Chu," Robin Huff, and Hsi Feng Li,
a/k/a "The General," a/k/a "Xue Feng Li," co-conspirators not
charged as defendants herein, met with the UC in Hoboken, New
Jersey, and discussed counterfeit smuggling activities.

   d. On or about August 9, 2007, CHARMAINE DABAO,
a/k/a "Grace Quezon," the defendant, and Troy King, a co-
conspirator not charged as a defendant herein, met with the UC in
a vehicle in New York, New York, and discussed counterfeit

smuggling activities.

e. On or about August 9, 2007, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and Yee Khiong Ting, a/k/a "Mr. Ding," a/k/a "Paul Ding," a co-conspirator not charged as a defendant herein, met with the UC at a restaurant in New York, New York, and discussed counterfeit smuggling activities.

f. On or about August 21, 2007, Michael Chu, a/k/a "Michael Choi," a/k/a "Schuching M. Chu," a/k/a "Shu Ching Chu," a/k/a "Michael Shuching Chu," and Dick Ong, co-conspirators not charged as defendants herein, met with the UC in Chu's office in New York, New York, and discussed counterfeit smuggling activities.

g. On or about August 28, 2007, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, and Man Wai Cheng, a/k/a "Man Wei Chen," a/k/a "Tina Wong," a co-conspirator not charged as a defendant herein, met with the UC in Brooklyn, New York, and discussed counterfeit smuggling activities.

h. On or about September 4, 2007, Chi On Wong, a/k/a "Tommy Wong," a co-conspirator not charged as a defendant herein, met with the UC in Elizabeth, New Jersey, and discussed counterfeit smuggling activities.

i. On or about November 4, 2007, Wing Ki Lee, a/k/a "Joe," a co-conspirator not charged as a defendant herein,

et with the UC in Union, New Jersey, and discussed counterfeit smuggling activities.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Smuggling)

The United States Attorney further charges:

18.   The allegations in paragraphs 1-13 and 17 are repeated, re-alleged and reincorporated as if set forth fully herein.

19.   From in or about June 2006 through in or about November 2007, in the Southern District of New York and elsewhere, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, knowingly, willfully, and unlawfully, with intent to defraud the United States, did smuggle and clandestinely introduce and attempt to smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, and did make out and pass, and attempt to pass, through the customhouse a false, forged, and fraudulent invoice, and other document and paper; and fraudulently and knowingly did import and bring into the United States, merchandise contrary to law, and did receive, conceal, buy, sell and facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, to wit, DABAO helped smuggle and

11

attempt to smuggle into the United States over 60 shipping containers of counterfeit merchandise, and helped distribute that merchandise in the New York City metropolitan area and elsewhere.

(Title 18, United States Code, Sections 545 and 2.)

## COUNT THREE

### (Trafficking In Counterfeit Goods)

The United States Attorney further charges:

20.  The allegations in paragraphs 1-13 and 17 are repeated, re-alleged and reincorporated as if set forth fully herein.

21.  From in or about June 2006 through in or about November 2007, in the Southern District of New York and elsewhere, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, knowingly, willfully, unlawfully, and intentionally did traffic and attempt to traffic in goods and services and knowingly use a counterfeit mark on and in connection with such goods and services, and intentionally traffic and attempt to traffic in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, and packaging, knowing that a counterfeit mark has been applied thereto, the use of which is likely to cause confusion, to cause mistake, and to deceive, to wit, DABAO helped smuggle and attempt to smuggle into the United States over 60 shipping containers of

counterfeit merchandise, and helped distribute the merchandise in the New York City metropolitan area and elsewhere.

      (Title 18, United States Code, Sections 2320 and 2.)

## COUNT FOUR

### (Visa Fraud)

      The United States Attorney further charges:

      22.  From in or about January 2004 to in or about June 2005, in the Southern District and elsewhere, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, knowingly, willfully, unlawfully, and intentionally did forge, counterfeit, alter, and falsely make an immigrant and nonimmigrant visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, and did utter, use, attempt to use, possess, obtain, accept, and receive such visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, to wit, DABAO obtained a visa to enter the United States using fraudulent identification information, including a fraudulent

birth certificate in a false name.

(Title 18, United States Code, Section 1546(a).)

## FORFEITURE ALLEGATIONS

23. As the result of committing the smuggling and counterfeiting offenses in violation of Title 18, United States Code, Sections 371, 545, and 2320, as charged in Counts One, Two, and Three of this Information, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to at least approximately $95 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the smuggling and counterfeiting offenses charged in Counts One, Two and Three of this Information.

24. As the result of committing the counterfeiting offense in violation of Title 18, United States Code, Sections 2320 and 2, as charged in Count Three of this Information, CHARMAINE DABAO, a/k/a "Grace Quezon," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2320(b)(1)(A) & (B) and 2320 (b)(3)(A):

a. Any article bearing or consisting of a

14

counterfeit mark used in committing a violation of Title 18,
United States Code, Section 2320(a);

b.    Any property used, in any manner or part, to
commit or to facilitate the commission of a violation of Title
18, United States Code, Section 2320(a), including but not
limited to:

i.    One 1998 Volvo Tractor Truck, bearing
Vehicle Identification Number
4V47DBGH1WN726668; and

ii.   One 1999 Freightliner Truck, bearing
Vehicle Identification Number
1FUYDCYB8XLA42788A;

c.    Any property constituting or derived from any
proceeds the defendant obtained, directly or indirectly, as the
result of the offense, including but not limited to at least
approximately $95 million in United States currency, in that such
sum in aggregate is property representing the amount of proceeds
the defendant obtained as a result of the counterfeiting offense
charged in Count Three of this Information.

<u>Substitute Asset Provision</u>

25.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or deposited

15

with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 2320, Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461.)

MICHAEL J. GARCIA *MAA*
United States Attorney

16

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### CHARMAINE DABAO,
a/k/a "Grace Quezon",

### Defendant.

### INFORMATION

S2 07 Cr. 1143 (DC)

18 USC §§ 371, 545, 2320, 1546(a), 2

_____
MICHAEL J. GARCIA
United States Attorney.

6/19/08  AUSA ROSEMARY NIDIRY PRES. DEFT PRES W/ATTY SABRINA SHAROFF
DEFT WAIVES INDICTMENT, AND ENTERS GUILTY PLEA TO
S2 07 CR 1143 (AS CHARGED - 4 COUNTS). PSI ORDERED. SENTENCING
SCHEDULED FOR 9/24/08 @ 4:30PM   DEFT CONTINUED REMANDED.
CHIN J.